## NATIONAL REGISTERED AGENTS, INC

### SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: **HELEN BENEDICT**
**MEDSHAPE, INC.**
1575 NORTHSIDE DR., NW
SUITE 440
ATLANTA, GA 30318

SOP Transmittal # **524221575**

503-566-6883 - Telephone

Entity Served: MEDSHAPE, INC. (Domestic State: GEORGIA)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc or its Affiliate in the State of OREGON on this 15 day of January, 2014. The following is a summary of the document(s) received:

1. **Title of Action:** James Blanchard, Pltf. vs. Medshape, Inc., etc., et al., Dfts.
2. **Document(s) Served:** COMPLAINT, SUMMONS
   Other: Certification
3. **Court of Jurisdiction/Case Number:** Multnomah County Circuit Court, OR
   Case # 140100157
4. **Amount Claimed, if any:** N/A
5. **Method of Service:**

   ___ Personally served by:　　___ Process Server　　___ Deputy Sheriff　　___ U. S Marshall

   _X_ Delivered Via:　　___ Certified Mail　　_X_ Regular Mail　　___ Facsimile

   ___ Other (Explain):

6. **Date of Receipt:** 01/15/2014
7. **Appearance/Answer Date:** Within 30 days from the date of the service
8. **Received From:** Courtney Angeli
   Buchanan, Angeli, Altschul & Sullivan LLP
   321 SW 4th Avenue
   Suite 600
   Portland, OR 97204
   503-974-5015
9. **Federal Express Airbill #** 797650805382
10. **Call Made to:** Not required
11. **Special Comments:**
    SOP Papers with Transmittal, via Fed Ex 2 Day
    Email Notification, HELEN BENEDICT HELEN.BENEDICT@MEDSHAPE.COM

**NATIONAL REGISTERED AGENTS, INC**　　　　CopiesTo:

Transmitted by Denise Wipper

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL


neopost
01/14/2014
US POSTAGE

FIRST-CLASS MAIL
$01.32⁰


ZIP 97204
041L13810089

 **Buchanan Angeli Altschul & Sullivan LLP**
321 SW 4th Avenue, Suite 600
Portland, Oregon 97204
503-974-5015 (ph) 971-230-0330 (fax)
www.baasemploymentlaw.com

MEDSHAPE, INC.
c/o NATIONAL REGISTERED AGENTS, INC.
388 STATE STREET, SUITE 420
SALEM, Oregon 97301

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| JAMES BLANCHARD,<br><br>Plaintiff,<br><br>v.<br><br>MEDSHAPE, INC., a Georgia corporation;<br>KENNETH A. GALL, an individual, and J.<br>KURT JACOBUS, an individual.<br><br>Defendants. | Civil No. 140100157<br><br>**SUMMONS** |

**TO:   MEDSHAPE, INC., a Georgia corporation**
**c/o NATIONAL REGISTERED AGENTS, INC.**
**388 STATE STREET, SUITE 420**
**SALEM, Oregon 97301**

IN THE NAME OF THE STATE OF OREGON: You are hereby required to appear and defend Plaintiff's Complaint filed against you in the above-entitled cause within 30 days from the date of service of this Summons on you; and if you fail to appear Plaintiff will apply to the Court for the relief demanded in the Complaint.

NOTICE TO DEFENDANT: READ THESE PAPERS CAREFULLY

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the Court a legal paper called a "Motion" or "Answer." The "Motion" or "Answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

If you have questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
321 SW 4TH AVE., SUITE 600
PORTLAND, OREGON 97204
(503) 974-5015
(971) 230-0337 (FACSIMILE)

PAGE 1 – SUMMONS

DATED: January 14, 2014

BUCHANAN ANGELI ALTSCHUL
& SULLIVAN LLP

_____
Courtney Angeli, OSB No. 941765
Courtney@baaslaw.com
Robin Bowerfind, OSB No. 03594
robin@baaslaw.com
Telephone: (503) 974-5015

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
321 SW 4TH AVE., SUITE 600
PORTLAND, OREGON 97204
(503) 974-5015
(971) 230-0337 (FACSIMILE)

PAGE 2 –SUMMONS

# CERTIFICATION

STATE OF OREGON      )
                     ) ss.
County of Multnomah  )

 I, Courtney Angeli, attorney for Plaintiff, do hereby certify that the attached Summons and Complaint are true, exact and correct copies of said originals.

 DATED this 14th day of January, 2014.

            _____
            Courtney Angeli, OSB No. 941765
            Telephone: (503) 974-5015

JAN 0 7 2014

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| JAMES BLANCHARD,<br><br>    Plaintiff,<br><br>v.<br><br>MEDSHAPE, INC., a Georgia corporation; KENNETH A. GALL, an individual, and J. KURT JACOBUS, an individual.<br><br>    Defendants. | Case No. 140100157<br><br>**COMPLAINT**<br><br>DEMAND FOR A JURY TRIAL |

**INTRODUCTION**

1.  This is an action for declaratory, injunctive and monetary relief, including punitive damages and attorneys' fees and costs, to redress unlawful employment practices to which defendants subjected plaintiff, in violation of plaintiff's statutory and common law rights.

**JURISDICTION**

2.  This court has jurisdiction over plaintiff's claims for monetary and other relief under Article VII, section 9 of the Oregon Constitution.

**VENUE**

3.  Venue is proper in Multnomah County under ORS 14.080 because Defendant MedShape, Inc. conducts regular, sustained business activities in Portland, Multnomah County, Oregon.

///

///

///

Page 1 -  **COMPLAINT**       BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
321 SW 4th Ave., Suite 600
Portland, Oregon 97204
(503) 974-5015
971.230.0337 facsimile

## PARTIES

4.  Plaintiff James Blanchard is currently a resident of Oregon. During the relevant period, plaintiff was an employee of MedShape, Inc.

5.  Defendant MedShape, Inc. (referred to herein as "defendant" or "MedShape") is a Georgia corporation licensed to do business in Portland, Oregon.

6.  Defendant J. Kurt Jacobus is President and Chief Executive Officer of MedShape. Jacobus is a resident of the state of Georgia.

7.  Defendant Kenneth A. Gall is Founder and Chief Operating Officer of MedShape. Gall is a resident of the state of Georgia.

## GENERAL ALLEGATIONS

8.  MedShape hired plaintiff on or about April 26, 2010. Plaintiff was initially hired as Regional Sales Manager for the West Coast. His title was changed to US Sales in February 2012, and again to Director of Sales in early 2013.

9.  As Director of Sales, plaintiff reported to Kurt Jacobus, President and Chief Executive Office, and later to Tim Nash, Vice President of Sales and Marketing.

10. Plaintiff's 2010 offer letter provided that MedShape would pay him a base salary of $140,000, plus "the opportunity for an annual bonus of up to 58% of [his] base salary."

11. Plaintiff's base pay increased to $175,000 in 2011. On February 29, 2012, MedShape awarded plaintiff a 2011 bonus of $70,000 which was paid in or about July 2012.

12. On November 14, 2011, former Vice President of Sales Jim Lorenzo sent plaintiff a 2012 compensation planning memo which provided for payment of a bonus upon achievement of specific criteria. This compensation plan contained no term providing for deferral of or conditions for payment of any earned bonus.

13. In 2012, plaintiff's base pay increased to $185,000, and the Company rolled out a new bonus compensation plan. The 2013 bonus plan provided for quarterly and annual

///

1  performance bonuses.  This compensation plan contained no term providing for deferral of or
2  conditions for payment of any earned bonus.
3      14.    Plaintiff achieved the performance criteria to earn his 2012 bonus. On May 1,
4  2013, MedShape awarded plaintiff a 2012 annual bonus in the amount of $68,820:

> We are pleased to inform you that you will be awarded a bonus for your 2012 performance in the amount of $68,320. Timing on bonus payout is to be determined, based on the funding of the business.

8      15.    This was the first time MedShape introduced a condition for payment of the 2012
9  bonus and plaintiff had already performed the work to earn the bonus.
10     16.    On June 5, 2013, plaintiff gave three weeks' notice of his intention to resign.  On
11 June 26, 2013, in a written confirmation that she had received plaintiff's resignation, Human
12 Resources Manager Helen Benedict informed plaintiff that MedShape would pay him a Q2 2013
13 bonus:

> Additional Compensation (Q2_2013 Bonus): The Company has elected to pay your Q2 bonus, if applicable. As in the past, calculations for quarterly bonuses will not be final and complete until approximately two weeks after the quarter closes. Once this information is available, we will notify you of your bonus award, if applicable.

18     17.    Plaintiff received a final paycheck on June 28, 2013 that failed to include any of
19 the bonus payments which he had earned.  MedShape refused to pay plaintiff his bonus for 2012.
20 Ms. Benedict explained in her June 26 letter:

> Additional Compensation (2012 Bonus): The Company will pay your 2012 bonus after the next round of funding closes. We expect this to happen within the next 30 days, however we cannot guarantee, but we will confirm as soon as possible.

24     18.    MedShape also failed to pay plaintiff his Q2 bonus on his last day. Even if the Q2
25 bonus calculations were not available on June 28, the second quarter of 2013 ended on June 30,
26

2013. The quarter is now long over and MedShape has had more than enough time to ascertain the amount of his Q2 2013 bonus.

19. Since the termination of his employment, plaintiff has remained in regular communication with Ken Gall and Ms. Benedict regarding the company's progress in its fundraising efforts, asking repeatedly to be paid the wages he is due. Plaintiff held out hope that MedShape would pay his bonus once it completed its fundraise.

20. On July 17, 2013, plaintiff emailed Ms. Benedict to inquire about the fundraise and payment of his bonus. She replied on July 18, "Things are moving very slow. I will keep you posted."

21. On September 26, 2013, Ms. Benedict texted plaintiff:

> Update: met with Ken last night; MedShape has closed a funding round! Ken and Tim are working on a plan of action as we speak (re: bonuses). You should expect to hear from one of them soon. As I said yesterday, I would encourage you to reach out to Ken. Thank you!

22. Later that day, Mr. Gall confirmed by text that MedShape had completed its fundraise:

> Closed. $9m and working on more....I'm actually gonna stay out of the bonus discussion....Believe it or not Tim is the one pushing to have you all paid but he's gonna have a struggle. You will get cash one way or another but you will have to take a note and timing will remain open.

23. On October 8, 2013, MedShape issued a press release announcing "MedShape Secures $11 Million in Financing."

24. In subsequent conversations, Mr. Gall told plaintiff that MedShape had budget priorities more important than paying him, such as taking care of its "day to day" business expenses (including paying other individuals that were still with the company) and directing

///

Page 4 - **COMPLAINT**

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
321 SW 4th Ave., Suite 600
Portland, Oregon 97204
(503) 974-5015
971) 230-0337 (facsimile)

funds into operations to ensure that the Company met the milestone contingencies tied to the $11 million fundraise.

25. MedShape has paid 2013 bonuses to certain employees and given raises to current employees in lieu of paying plaintiff wages he has already earned.

26. As a final effort to demand payment of the wages he is due, on October 21, 2013, plaintiff emailed Ms. Benedict and Mr. Nash: "Please provide an update on payment of my 2012 bonus."

27. In response, instead of paying plaintiff his long overdue wages, on October 22, 2013, Ms. Benedict sent plaintiff an "Agreement to Pay and General Release" providing that MedShape would not pay plaintiff the wages he had earned unless he agreed to release all claims against MedShape and agreed that:

> the payment will be made as cash flow permits, which determination shall be made in MedShape's sole discretion, within 5 years of the date of this Agreement, or ... the payment will be made as soon as possible following a Change of Control.

28. Plaintiff refused to enter into this one-sided agreement allowing MedShape to retroactively change the terms of wages he had already earned.

29. On or about November 20, 2013, responding to another Plaintiff's request for update on cash flow and bonus payment, Gall told plaintiff that MedShape would not pay plaintiff the wages he was due because plaintiff had refused to accept the Company's attempt to retroactively change the terms of payment of bonuses to payment over a five year period by signing the Agreement to Pay and General Release. Gall stated, "The contract you didn't sign represented my position on cash flow. I tried to help you but you decided not to take it. There is not much else I can do."

30. Plaintiff is entitled to immediate payment of his overdue wages—under Oregon law, that obligation cannot be deferred and the timing of that payment is not negotiable.

Page 5 - COMPLAINT

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
321 SW 4th Ave., Suite 600
Portland, Oregon 97204
(503) 974-5015
(971) 230-0337 (facsimile)

## FIRST CLAIM FOR RELIEF
### Breach of Contract
### Against Defendant MedShape

31. Plaintiff incorporates by reference the allegations of paragraphs 7 through 30.

32. MedShape entered into a contract with plaintiff pursuant to which defendant promised to pay bonuses to plaintiff in exchange for achieving specific criteria in plaintiff's work as Director of Sales at MedShape.

33. Plaintiff worked diligently to benefit defendant, as requested by defendant, in reliance on defendant's promises.

34. Based upon documentation available to him at the time of his termination, plaintiff estimates that he is owed more than $75,000 in unpaid bonuses.

35. Plaintiff had a reasonable expectation of payment of outstanding bonuses due to him.

36. Defendant MedShape breached its contract with plaintiff when it failed to pay all compensation earned by and due to plaintiff.

37. Defendant's breach was wanton and reckless, and done in bad faith and with intent to frustrate the original intent and plaintiff's enjoyment of the contract.

38. As a result of defendant's breach, plaintiff has suffered damages, in the form of unpaid bonuses in an amount to be proven at trial.

39. Plaintiff is entitled to recover from defendant the damages he sustained due to the breach, together with interest at the legal rate from the date he sustained those damages.

## SECOND CLAIM FOR RELIEF
### Violation of ORS 652.140
### Unpaid Wages, Failure to Pay Bonuses and Final Wages

40. Plaintiff incorporates by reference the allegations of paragraphs 7 through 39.

41. Based upon documentation available to him at the time of his termination, plaintiff estimates that he was owed more than $75,000 in unpaid bonuses.

///

Page 6 - **COMPLAINT**

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
321 SW 4th Ave., Suite 600
Portland, Oregon 97204
(503) 974-5015
971 230-0337 (Facsimile)

42. Plaintiff had a reasonable expectation of payment of outstanding bonuses due to him.

43. Defendant failed to pay plaintiff all wages earned at the time it terminated plaintiff's employment in accordance with ORS 652.140.

44. Plaintiff is entitled to all compensation due plus a penalty in the amount of 30 days' wages under ORS 652.150.

45. Plaintiff is entitled to prejudgment interest on the amount of the penalty wages from the date the penalty wages became due and owing.

46. Plaintiff is entitled to a separate award of compensation to offset the tax penalties associated with incurring lost wage payments in a lump sum amount and/or for receiving reimbursement for lost wages in one tax year.

47. Plaintiff has hired legal counsel to prosecute his claims and is entitled to his reasonable attorneys' fees and costs incurred pursuant to ORS 652.200.

**THIRD CLAIM FOR RELIEF**
**Retaliation in Violation of ORS 652.355 and ORS 659A**
**Against Defendant MedShape**

48. Plaintiff incorporates by reference the allegations set forth in paragraphs 7 through 47 above.

49. Plaintiff engaged in protected activity by asserting a claim for bonuses due to him from MedShape.

50. Defendant, in response to plaintiff's assertion of a claim for wages and benefits, changed the terms for payment of wages and refused to pay wages due.

51. Defendant's actions were intentional and constituted unlawful discrimination in violation of ORS 652.355.

52. Plaintiff is entitled to all appropriate injunctive relief.

53. As a direct and proximate result of defendant's actions as alleged herein, plaintiff has suffered economic losses in the form of unpaid bonuses and out-of-pocket expenses, in an

amount to be proven at trial, plus interest thereon at the statutory rate of 9%.

54. Plaintiff has hired legal counsel to prosecute his claims and is entitled to his reasonable attorney's fees and costs incurred, including expert witness fees, pursuant to ORS 659A.885 and ORS 20.107.

**FOURTH CLAIM FOR RELIEF**
**Violation of ORS 659A.199**
**Against Defendant MedShape**

55. Plaintiff incorporates by reference the allegations set forth in paragraphs 7 through 54 above.

56. Plaintiff engaged in protected activity by asserting a claim for wages due to him from MedShape, as protected by ORS 652.355 and in breach of his contract with MedShape.

57. Defendant, in response to plaintiff's assertion of a claim for wages and benefits and for breach of contract, changed the terms for payment of his bonuses and refused to pay bonuses due.

58. Defendant's actions were intentional and constituted unlawful discrimination in violation of ORS 659A.199.

59. Plaintiff is entitled to all appropriate injunctive relief.

60. As a direct and proximate result of defendant's actions as alleged herein, plaintiff has suffered economic losses in the form of unpaid bonuses and out-of-pocket expenses, in an amount to be proven at trial, plus interest thereon at the statutory rate of 9%.

61. As a direct and proximate result of defendant's actions as alleged herein, plaintiff has suffered noneconomic harm in the form of emotional and mental distress, degradation, embarrassment and humiliation, for which plaintiff seeks compensation in an amount of $150,000.

62. The actions of defendant as alleged herein were intentional, willful, and with reckless disregard to plaintiff's statutory rights. Such conduct exceeds the bounds of social toleration and is of the type that punitive damages deter. Plaintiff, therefore, reserves the right to

amend this Complaint to seek punitive damages.

63. Plaintiff has hired legal counsel to prosecute his claims and is entitled to his reasonable attorney's fees and costs incurred, including expert witness fees, pursuant to ORS 659A.885 and ORS 20.107.

**FIFTH CLAIM FOR RELIEF**
**Aiding and Abetting Unlawful Discrimination**
**ORS 659A.030(1)(g)**
**Against Jacobus and Gall**

64. Plaintiff incorporates by reference the allegations set forth in paragraphs 7 through 63.

65. Defendants Jacobus and Gall, in violation of ORS 659A.030(1)(g), aided and abetted efforts to unlawfully discriminate and retaliate against plaintiff because of his lawful request for unpaid wages.

66. Jacobus' and Gall's actions were intentional and constituted unlawful discrimination in violation of ORS 659A.

67. As a direct and proximate result of Jacobus' and Gall's actions as alleged herein, plaintiff has suffered economic losses in the form of unpaid bonuses and out-of-pocket expenses, in an amount to be proven at trial, plus interest thereon at the statutory rate of 9%.

68. As a direct and proximate result of Jacobus' and Gall's actions as alleged herein, plaintiff has suffered noneconomic harm in the form of emotional and mental distress, degradation, embarrassment and humiliation, for which plaintiff seeks compensation in an amount of $150,000.

69. The actions of defendant as alleged herein were intentional, willful, and with reckless disregard to plaintiff's statutory rights. Such conduct exceeds the bounds of social toleration and is of the type that punitive damages deter. Plaintiff, therefore, reserves the right to amend this Complaint to seek punitive damages.

70. Plaintiff has hired legal counsel to prosecute his claims and is entitled to his reasonable attorneys' fees and costs incurred, including expert witness fees, pursuant to ORS

659A.885 and ORS 20.107.

WHEREFORE, plaintiff prays for judgment against defendant as follows:

1. On plaintiff's First Claim for Relief:
    a. A declaration that defendant breached its contract with plaintiff;
    b. All appropriate injunctive relief;
    c. An award of economic damages for breach of contract, plus prejudgment interest, in an amount to be proven at trial;
    d. Any further or alternative relief in favor of plaintiff that the court deems appropriate.

2. On plaintiff's Second Claim for Relief:
    a. An award of unpaid wages due and owing;
    b. An award of penalty wages equal to 30 days' wages;
    c. An award of prejudgment interest on the amount of the wages and penalty wages from the date each became due and owing;
    d. An award of compensation to offset the tax penalties associated with incurring wage payments in one lump sum and/or for receiving lost wages in one tax year, and
    e. Plaintiff's attorneys' fees, expert fees, costs and disbursements incurred herein.

3. On plaintiff's Third Claim for Relief:
    a. A declaration that defendant violated his statutory right to report and resist unlawful discrimination;
    b. All appropriate injunctive relief, including but not limited to reinstatement;
    c. An award of economic damages for past and future lost wages and benefits and out-of-pocket expenses, plus prejudgment interest, in an amount to be proven at trial;
    d. Plaintiff's attorneys' fees, expert fees and costs incurred herein.

Page 10 - **COMPLAINT**

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
321 SW 4th Ave., Suite 600
Portland, Oregon 97204
(503) 974-5015
(971) 230-0337 (facsimile)

1. e. Any further or alternative relief in favor of plaintiff that the court deems appropriate.
4. On plaintiff's Fourth Claim for Relief:
   a. A declaration that defendant violated his statutory right to report and resist unlawful discrimination;
   b. All appropriate injunctive relief, including but not limited to reinstatement;
   c. An award of economic damages for past and future lost wages and benefits and out-of-pocket expenses, plus prejudgment interest, in an amount to be proven at trial;
   d. An award of noneconomic damages in an amount of $150,000.
   e. Plaintiff's attorneys' fees, expert fees and costs incurred herein.
   f. An award of punitive damages against defendants upon motion.
   g. Any further or alternative relief in favor of plaintiff that the court deems appropriate.
5. On plaintiff's Fifth Claim for Relief:
   a. A declaration that defendants aided and abetted unlawful discrimination in the work place;
   b. An award of economic damages for past and future lost wages and benefits and out-of-pocket expenses, plus prejudgment interest, in an amount to be proven at trial;
   c. An award of noneconomic damages in an amount of $150,000;
   d. Plaintiff's attorneys' fees, expert fees and costs incurred herein.
   e. An award of punitive damages against defendants upon motion.
   f. Any further or alternative relief in favor of plaintiff that the court deems appropriate.

///

Page 11 - **COMPLAINT**    BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
121 SW 4th Ave., Suite 600
Portland, Oregon 97204
(503) 974-5015
(971) 230-0337 (facsimile)

Dated: January 7, 2014

BUCHANAN, ANGELI, ALTSCHUL & SULLIVAN LLP

By: _____
Courtney Angeli, OSB #941765
Courtney@baaslaw.com
Robin Bowerfind, OSB No. 03594
robin@baaslaw.com

*Attorneys for Plaintiff*

Page 12 - **COMPLAINT**

# NRAI Packing Slip

**FedEx Tracking # :** 797650805382
**Created By :** Kalpesh Viradiya
**Created On :** 01/16/2014 11:36 AM
**Recipient :**

| HELEN BENEDICT | |
|---|---|
| Title : | -- |
| Customer : | MEDSHAPE, INC. |
| Address : | 1575 NORTHSIDE DR., NW |
| Email : | HELEN.BENEDICT@MEDSHAPE.COM |
| Phone : | 404-2499155     Fax :  - |

**Package Type :** Envelope
**Items shipped :** 1

| Log # | Case # | Entity Name |
|---|---|---|
| 524221575 | 140100157 | MEDSHAPE, INC. |